## VAN METER v. SANFORD.

### No. 11468.

Circuit Court of Appeals, Fifth Circuit.

Jan. 9, 1946.

Edwin M. Van Meter, of Washington, D. C., pro se.

M. Neil Andrews, U. S. Atty., and Harvey H. Tisinger, Asst. U. S. Atty., both of Atlanta, Ga., for appellee.

Before SIBLEY, HOLMES, and McCORD, Circuit Judges.

PER CURIAM.

Appellant filed in the district court a suit for $25,000 damages against Joseph W. Sanford, described as Warden of the United States Penitentiary at Atlanta, Georgia, alleging a conspiracy between Sanford, and a United States Marshal in Pennsylvania, and two subordinates of the Warden, to hinder and deprive plaintiff of his right to prosecute a civil suit which he had pending in the United States court in Maryland against other defendants. The present suit was dismissed on motion as not setting forth a claim on which relief can be had, and this appeal was taken.

The dismissed petition states that petitioner, now appellant, was sent to the Atlanta Penitentiary for more than a year on February 19, 1943; that he then had pending in the United States District Court for Maryland a civil suit, filed without an attorney, a motion to dismiss which had been made. On the 19th of February, 1943, the Warden conspired as above stated to prevent petitioner from disposing of said motion, denied him possession of his papers about the case, and prevented his corresponding with opposing counsel or the judge about it, and finally put petitioner in solitary confinement November 15, 1943, till April 3, 1944. This is alleged to have been done on pretense of acting in the exercise of defendant's position as Warden; except the solitary confinement which is stated as a concluding fact, without allegation as to its cause or purpose, or that it was not for good cause. The final allegation, and the only one as to any bad effect on the Maryland suit is "that his right and interest in said action has been seriously impaired and his right of action greatly jeopardized." Petitioner had been released from the penitentiary when this case was heard below, and a letter to the judge about amending states, "You are advised that all that has kept the suit in Baltimore from being dismissed was the fact that one of the counsel for defendants learned what was being done, did not want to be involved, and filed a request with the Clerk to keep the case open." We thus understand that the case in Baltimore, though hindered and jeopardized, was not dismissed, and no actual damage resulted.

This suit is expressly brought under the old Civil Rights Act, 8 U.S.C.A. § 47. Its language in Paragraph (2): "If two or more persons in any State or Territory conspire to deter, by force, intimidation or threat, any party or witness in any court of the United States from attending such court," would not we think be applicable to a deterring by a lawful imprisonment. Withholding papers and correspondence would not be a deterring from attending court. So reliance is put on the words: "If two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory,

with intent to deny to any citizen the equal protection of the laws." But there is nothing said in the petition about the equal protection of the laws, and petitioner is a white man, and not of the race specially intended to be protected by the statute. The facts alleged do not in themselves disclose any intent to deprive the petitioner of the equal protection of the laws in the Maryland court, and we should not infer it. There is doubt, too, if this particular clause refers to courts of the United States, as well as those of States and Territories.

And finally Section 47 at its end gives an "action for the recovery of damages, occasioned by such injury or deprivation." Here, as has been pointed out, no damage was occasioned,—only a "jeopardy".

For these reasons the judgment is affirmed.